UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN SPEECE, et. al, | ) |
| Plaintiffs, | ) |
| vs. | ) 1:10-cv-1595- SEB-DML |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO REMAND**
(Docket No. 11)

Plaintiffs Karen Speece and Mark Speece seek a remand of this lawsuit to state court following what they contend was an improper removal. Defendant American Family Mutual Insurance Company removed this case from state court based on diversity of citizenship grounds. Plaintiffs contend that Defendant has failed to establish the amount in controversy of $75,000, required pursuant to 28 U.S.C. § 1332(a)(1), thereby depriving this court of subject matter jurisdiction..

In their complaint, Plaintiffs allege three counts, each of which is framed basically as an alternative route to recovery of the policy limits of a $25,000 underinsured motorists insurance policy. Plaintiff Karen Speece was an insured under a policy of insurance issued by Defendant which contained an uninsured motorist provision at the time she sustained injuries from an automobile accident caused by a rear-end collision by another car whose driver carried insurance with coverage limited to $25,000. Those policy limits were tendered by the driver's insurance company, but Defendant refused both to specifically authorize acceptance of that payment by

Plaintiffs and to pay out any underinsured benefits on the policy held by Plaintiffs with Defendant. These are the allegations in the Complaint.

Count I of Plaintiffs' Complaint is a claim for the insurance benefits in the amount of $25,000, which is the policy limit in the policy issued by Defendant; Count II is a claim for breach of the American Family insurance contract, seeking payment of the same $25,000; Count III is a claim for Declaratory Judgment by which Plaintiffs seek a judicial finding that they are entitled under the American Family policy to payment of those benefits.

Significantly, in light of the issues raised in the motion for remand currently before us, Plaintiffs have advanced no claim for an award of punitive damages. Plaintiffs do apparently, however, seek to recover their attorneys fees and costs.[1] In addition, Defendant included no reference to the request for attorneys fees in its removal petition. Further, Plaintiffs have by affidavit estimated their reasonable attorneys fees in an amount not to exceed $25,000.

Defendant contends that the jurisdictional amount has been pled and properly established based on Plaintiffs' claim for $25,000. in underinsured motorist benefits; up to $25,000 in attorney's fees; and "unspecified damages which may be claimed for breach of contract, bad faith and/or punitive damages." (Numbered Parg. 5, page two, Defendant's Response.) Defendant maintains that, even though Plaintiffs have expressly disavowed any intention of seeking an award of punitive damages, Count III of the Complaint includes a reference to Defendant's "bad faith" and lack of justification in failing to pay over to Plaintiffs the underinsured motorist benefits. The first two counts as well as the apparently opened ended prayer for relief ("For such other and further relief

---

[1] Plaintiffs also seek, pursuant to 28 U.S.C. § 1447(c), an award of costs and attorneys fees for the Defendant's wrongful removal of this case from state court.

as is just and proper in the premises," per Count III's final paragraph) is the basis of Defendant's contention that insofar as its exposure to damages in concerned, anything is possible and that suffices to catapult the amount in controversy into an amount that exceeds $75,000.

We think Defendant's argument is a stretch and that its fears are mostly of its own making. Theoretically, Plaintiffs might possibly recover as award of punitive damages, but only theoretically because Plaintiffs have specifically disclaimed any such quest on their part or any such entitlement. Lacking a specific claim for punitive damages, Defendant's concerns are purely imaginary. Indeed, we interpret Defendant's arguments as being based on a worst case scenario and on clearly unlikely "what-ifs." This is not a sufficient basis on which to establish the amount in controversy with sufficient specificity to satisfy federal diversity jurisdictional requirements. See Am. Bankers Life Assur. of Florida v. Evans, 319 F.3d 907 (7th Cir. 2003) ("To satisfy this burden (of proving an amount in controversy), a party must do more than 'point to the theoretical availability of certain categories of damages.'")

"[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal." St. Paul Mercury Indemnity Co., 303 U.S. at 291, 58 S. Ct. 586; Chavis v. Fidelity Warranty Services, Inc., 415 F. Supp.2d 620, 626-7 (D.S.C. 2006). Here, Plaintiffs have pled three, essentially alternative theories of relief in an effort to recover the insurance policy proceeds of $25,000. To this claim, they will seek an award of attorneys fees not to exceed $25,000 to compensate them for having had to sue to recover the amount due them under the policy. Even if Plaintiffs seek recoveries on all three counts of their complaint, they would not be entitled to stack their damages in the way that Defendant suggests they might do in order to achieve or exceed the minimum jurisdictional amount of $75,000 as a result of this lawsuit. "It is elementary that contract

damages are intended only to compensate an injured party fairly and adequately for the loss sustained; the injured part is not to be placed in a better position than if the breach had not occurred. It follows that the injured party cannot recover twice for the same breach." (Citations omitted.) Digitech Computer v. Trans-Care, Inc., __ F. 3d __, 2011 WL 1901644 (C.A. 7 (Ind.))  Here, the Plaintiffs' damages are set at $25,000 – that is, the policy limits under the underinsured provision – plus a repayment of the attorneys fees and costs (no more than $25,000) that Plaintiffs incurred in having to bring this action.   These amounts fall far below the $75,000 jurisdictional minium amount for diversity jurisdiction.

Accordingly, because the jurisdictional amount required for a proper exercise of federal diversity jurisdiction has not be established,  the Court lacks subject matter jurisdiction over this cause.  Plaintiffs' motion to remand is therefore GRANTED.  Attorneys fees and costs incurred by Plaintiffs as a result of the wrongful removal of this action shall be borne by Defendant, pursuant to 28 U.S.C. § 1447(c).

In accordance with 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of this order of remand to the Clerk of the Hendricks Circuit/Superior Court and return this cause to Hendricks County as soon as reasonably possible.

    IT IS SO ORDERED.

Date:  07/27/2011

                                                      _____
                                                      SARAH EVANS BARKER, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Copies to:

Robert Scott O'Dell
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com

Daniel J. Paul
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com