UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KAREN SPEECE and MARK SPEECE, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:10-cv-1595- SEB-DML |
| vs. | ) | |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES
(Docket No. 37)

On July 27, 2011, we remanded this case to the Hendricks Circuit Court, ruling that the "[a]ttorneys fees and costs incurred by Plaintiffs as a result of the wrongful removal of this action shall be borne by Defendant, pursuant to 28 U.S.C. § 1447(c)." Thereafter, Plaintiffs moved for the entry of a judgment of attorneys fees and costs in the amount of $11,404.47, representing approximately fifty-seven (57) hours of attorney time billed at the rate of $200.00 per hour, and Defendant filed an objection, arguing that Plaintiffs should be awarded no more than $1,400.00, representing just seven (7) hours of their attorney's time.

Title 28 U.S.C. § 1447(c) authorizes an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Seventh Circuit has characterized this statute as a "fee-shifting statute" and observed that "[u]njustified removal complicates and extends litigation;" consequently, when one party "wrongfully drags [its opponent] into a second judicial system, the loser must expect to cover the incremental costs." Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 411 (7th Cir. 2000). Recoverable costs and expenses are those that would not

have been incurred had the case remained in state court. Avitts v. Amoco Production Co., 111 F.3d 30, 32 (5th Cir. 1997). Ordinary litigation expenses – i.e., expenses that would have been incurred had the action remained in state court – are not recoverable because ordinary litigation expenses are not incurred "as a result of the removal." Id.

While 28 U.S.C. § 1447(c) "specifies that the fees awarded must be the 'actual' fees that were 'incurred,'" Wisconsin v. Hotline Industries, Inc., 236 F.3d 363, 367 (7th Cir. 2000), the statute does not preclude an award where, as here, a plaintiff's case is being handled on a contingency fee basis. Keesling v. Richman, 1:02-cv-1392-DFH, 2003 WL 1921812 (S.D. Ind. April 18, 2003) (awarding costs and expenses in case handled on a contingency fee basis based on a "reasonable market rate"). Likewise, the statute does not require us to award an amount that is excessive relative to the time spent by the attorney, the complexity of the legal work performed, and the overall value of the case simply because the victor claims that his fees were "actually incurred." Huffman v. Saul Holdings, 262 F.3d 1128, 1135 (10th Cir. 2001) (observing that nothing in the Seventh Circuit's ruling in Hotline Industries suggests that courts are compelled to award unreasonable fees).

We have reviewed the parties' filings and find that the $11,404.74 sought by Plaintiffs is high relative to the novelty and difficulty of the question presented and the value of this case, which involves $25,000.00 in insurance coverage. The time spent by Plaintiffs' counsel (a total of 22.1 hours) preparing Plaintiffs' Motion to Remand (a mere 5 pages in length) and Plaintiff's Reply in Support of Motion to Remand (a mere 2 pages in length) is greater than we would have expected given that the jurisdictional issue requiring the remand was relatively simple and Plaintiffs' briefings on the matter were very short in length. We also find that several of the tasks performed by Plaintiffs' counsel cannot fairly be attributed to the removal of this action because those tasks, particularly the ones relating to discovery and settlement negotiations, would have been performed

regardless of whether the case was in state or federal court.[1] We find that some of the tasks performed by Plaintiffs' counsel are duplicative and that Defendants should not bear the cost of inefficiencies. And finally, we find that the time spent by Plaintiffs' counsel (an additional 18.5 hours) in preparing Plaintiffs' Motion for Attorneys Fees to put before us the dollar amount of the judgment that Plaintiffs want issued is only a few hours shy of the time that Plaintiffs' counsel spent resisting the removal itself. This additional time, after we had already ruled that attorneys fees and costs would be awarded to Plaintiffs, is unreasonable as it nearly doubles the amount of the judgment sought. See Centurytel v. Charter Fiberlink, 08-cv-0470-slc, 2009 WL 959553 (W.D. Wis. 2009) at * 3 (observing in reference to a petition for the entry of a judgment of fees that "the market value presumption loses vitality after the court has ordered fees shifted.")

Consequently, in entering a judgment of attorneys fees and costs in favor of Plaintiffs, we reduce the time spent by Plaintiffs' counsel relating to the preparation of the briefings on Plaintiffs' Motion to Remand and Plaintiffs' Motion for Attorneys Fees by thirty percent (30%). This thirty percent reduction (30%) is necessary, in our view, to bring the claimed fees to a reasonable market rate relative to the services performed. We decline to impose upon Defendant the cost of tasks that would have been performed by Plaintiffs' counsel had this case remained in state court, and we decline to impose upon Defendant costs related to inefficiencies, as follows:

---

[1] In fact, there were probably were cost savings to the parties in meeting with the federal Magistrate Judge for a settlement conference. A private mediator would have charged the parties a fee for his or her time and services, but the Magistrate Judge's time and services were provided at no cost to the parties.

| Date | Action | Time | Fees |
|---|---|---|---|
| 12/10/10 | Phone call from O'Dell's office re: copies of pleadings for removal; email DJP re: same; email to O'Dell enclosing attachments to Complaint, appear & summons | 0.3 (ANK @ $85.00) | $25.50 |
| 12/13/10 | Review Motion for Removal and research and work on Motion to Remand | 4.1 (DJP @ $200.00) | $820.00<br><br>- 30%<br><br>$574.00 |
| 12/14/10 | Work on Motion to Remand and legal research re: same; consult WWB | 5.6 (DJP) | $1,120.00<br><br>- 30%<br><br>$784.00 |
| 12/14/10 | Conference w/ DJP re: removal petition | 0.3 (WWB @ $230.00) | $69.00<br><br>-30%<br><br>$48.30 |
| 12/15/10 | Work on finalizing Motion to Remand; legal research re: attorney fee issue, consult WWB re: same | 3.4 (DJP) | $680.00<br><br>- 30%<br><br>$476.00 |
| 1/04/11 | Finalize Motion to Remand, prep for filing, legal research | 1.0 (DJP) | $200.00<br><br>- 30%<br><br>$140.00 |
| 1/26/11 | Review Response to Motion to Remand and work on Reply, research | 3.6 (DJP) | $720.00<br><br>- 30%<br><br>$540.00 |

| 1/28/11 | Work on Reply to Motion to Remand Response | 2.1 (DJP) | $420.00<br><br>- 30%<br><br>$294.00 |
|---|---|---|---|
| 2/3/11 | Work on Reply to Remand Response and legal research and work on CMP issues | 1.1 (DJP) | $220.00<br><br>- 30%<br><br>$154.00 |
| 2/8/11 | Research and finalize Reply to Removal Petition response | 1.2 (DJP) | $240.00<br><br>- 30%<br><br>$168.00 |
| 2/9/11 | Work on Initial Disclosures and CMP summary | 1.3 (DJP) | $260.00<br><br>DISALLOWED – Discovery |
| 2/10/11 | Work on CMP | 1.0 (DJP) | $200.00<br><br>DISALLOWED -- Discovery |
| 2/11/11 | Review CMP and Answer in detail | 0.6 (DJP) | $120.00<br><br>DISALLOWED -- Discovery |
| 2/16/11 | Review removal reply and t/c w/ client | 0.2 (DJP) | $40.00 |
| 2/22/11 | Prep for and conduct telephonic PTC | 0.5 (DJP) | $100.00 |
| 3/2/11 | Letter to client re: settlement conference | 0.2 (ANK) | $17.00<br><br>DISALLOWED - Settlement |
| 3/2/11 | Review Minute entry and consult staff re: settlement conference | 0.2 (DJP) | $40.00<br><br>DISALLOWED – Settlement |
| 4/1/11 | Email judge re: settlement demand | 0.3 (DJP) | $60.00<br><br>DISALLOWED – Settlement |

| Date | Description | Time | Amount |
|---|---|---|---|
| 4/8/11 | Draft initial disclosures | 1.1 (DJP) | $220.00<br><br>DISALLOWED -- Discovery |
| 4/8/11 | Notice of Initial Disclosures transmit to USDC; letter to O'Dell | 0.6 (ANK) | $51.00<br><br>DISALLOWED – Discovery |
| 4/11/11 | Draft Settlement Statement; email to DJP for review | 1.0 (ANK) | $85.00<br><br>DISALLOWED – Settlement |
| 4/11/11 | Review and revise confidential settlement statement for conference | 0.8 (DJP) | $160.00<br><br>DISALLOWED – Settlement |
| 4/13/11 | Email staff re: settlement conference | 0.2 (DJP) | $40.00<br><br>DISALLOWED – Settlement |
| 4/14/11 | Prep for and Federal Court Settlement Conference; review Remand issues in detail | 5.1 (DJP) | $1,020.00<br><br>DISALLOWED – Settlement |
| 4/15/11 | Conference w/ WWB re: remand issues | 0.3 (DJP) | $60.00<br><br>DISALLOWED – Duplicative of other work |
| 4/15/11 | Conference w/ DJP re: State Court remand issues | 0.3 (WWB) | $69.00<br><br>DISALLOWED – Duplicative of other work |
| 4/25/11 | Letter to Karen re: jury trial date | 0.2 (ANK) | $17.00<br><br>DISALLOWED – Non-legal/ Administrative |
| 5/2/11 | Review order re: medical authorization | 0.2 (DJP) | $40.00<br><br>DISALLOWED – Discovery |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 5/3/11 | Email to DJP re: court order directing Karen to provide authorization; phone call w/ O'Dell's office informing them that such authorizations already provided | 0.2 (ANK) | $17.00<br><br>DISALLOWED – Discovery |
| 5/4/11 | Phone call to O'Dell's office re: signed medical authorizations | 0.1 (ANK) | $8.50<br><br>DISALLOWED – Discovery |
| 5/10/11 | Prepare Witness & Exhibit Lists for filing | 0.8 (DJP) | $160.00<br><br>DISALLOWED – Discovery |
| 7/28/11 | Review order on Motion to Remand and review procedure re: attorney fee claim | 1.0 (DJP) | $200.00<br><br>- 30%<br><br>$140.00 |
| 7/29/11 | Research attorney fee claim and work on fee motion | 1.2 (DJP) | $240.00<br><br>- 30%<br><br>$168.00 |
| 8/1/11 | Consult DJP re: evidentiary presentation for attorney fee claim for successful remand petition | 0.4 (WWB) | $92.00<br><br>DISALLOWED – Duplicative of other work |
| 8/1/11 | Review order granting remand petition and research attorney fee claim & work on fee motion & consult w/ WWB re: same | 2.8 (DJP) | $560.00<br><br>- 30%<br><br>$392.00 |
| 8/29/11 | Work on fee motion & affidavit & research appropriate evidentiary presentation | 2.7 (DJP) | $540.00<br><br>-30%<br><br>$378.00 |
| 9/8/11 | Finalize Motion & detailed affidavit re: attorney fee claim | 3.8 (DJP) | $760.00<br><br>- 30%<br><br>532.00 |

| After 9/8/11 | Additional fees sought in paragraph 17 of Plaintiffs' Reply in Support of Motion for Attorneys Fees. | | $1,400.00<br><br>- 30%<br><br>$980.00 |
|---|---|---|---|
| **Total Award** | | | **$5,933.50** |

A separate judgment shall issue in the amount of $5,933.50

IT IS SO ORDERED.

Date:  11/17/2011  

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Robert Scott O'Dell**
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com,nvaughn@odell-lawfirm.com

**Daniel J. Paul**
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com,aknapp@wbwlawyers.com